Quarles & Brady LLP
Firm State Bar No. 00443101
One South Church Avenue
Suite 1700
Tucson, AZ  85701-1621
TELEPHONE 520.770.8700

Attorneys for Plaintiff
Deanna Conn (AZ Bar No. 015676)
deanna.conn@quarles.com
Michael J. Curley (AZ Bar No. 025972)
michael.curley@quarles.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jet Works Air Center LLC, a Texas corporation,<br><br>         Plaintiff,<br><br>   vs.<br><br>Domains By Proxy, Inc., an Arizona corporation; John Doe, individuals/corporations/entities 1-5,<br><br>         Defendants. | NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, INJURIOUS FALSEHOOD AND DEFAMATION** |

     For its complaint, Plaintiff Jet Works Air Center LLC ("Jet Works"), by and through its attorneys, Quarles & Brady LLC, makes the following allegations against Defendants Domains By Proxy, Inc. ("DBP") and John Doe, an individual/corporation/entity (collectively "Defendants"), for injunctive relief and damages:

## NATURE OF THE COMPLAINT

     1.     This is a claim for injunctive relief and damages due to John Doe's unauthorized creation of websites infringing registered trademarks owned by Jet Works, and DBP's registration of those websites.  Additionally, Jet Works asserts state tort claims against John Doe and DBP for generation, republication and retransmission of injurious

1  and false statements. Jet Works seeks an injunction requiring John Doe and DBP to stop
2  all maintenance, publication or hosting activities for the sites
3  http://www.jetworksaircenter.com/Monkeys_With_Tools.html and
4  http://www.jetworksaircenter.net/Donkeys_With_Tools.html, and damages arising from
5  publication and maintenance of same.

## THE PARTIES

7      2.    Plaintiff Jet Works is a limited liability company organized under the laws
8  of Texas with a principal place of business at 5035 Warbird Drive, Denton, Texas 76207.
9  Jet Works provides aircraft maintenance services, including aircraft avionics installation
10 and repair, exterior paint, interior, and completion services for light, medium and heavy
11 turbine aircraft out of its state of the art 100,000 square foot facility in Denton, Texas.
12     3.    Defendant John Doe is the individual(s), corporation(s) or entity(ies)
13 responsible for the content of the websites http://www.jetworksaircenter.com and
14 http://www.jetworksaircenter.net, whose true names will be substituted when determined.
15     4.    Defendant DBP is a corporation organized under the laws of the state of
16 Arizona, with a principal place of business at 14455 N. Hayden Road, #219, Scottsdale,
17 Arizona 85260. DBP is an anonymous domain registration company, which contracts
18 with individual internet domain registrants who wish their privacy to be preserved. The
19 Internet Corporation for Assigned Names and Numbers ("ICANN") requires that every
20 party that registers an internet domain name provide that party's name, location and
21 telephone number for a public database of internet domain name registrants ("the WHOIS
22 directory"). Parties that wish to register a domain name, for example, to maintain a
23 website, but keep their identifying information out of the WHOIS directory, typically
24 contract with an anonymous domain registration company such as DBP. When a party
25 uses DBP, it is DBP's information that appears in the WHOIS directory, rather than the
26 true owner of the domain name. DBP is listed as the domain registrant for
27 http://www.jetworksaircenter.com and http://www.jetworksaircenter.net. On information
28 and belief, DBP is affiliated with internet domain name registrar and hosting company

GoDaddy.com, Inc., of 14455 N. Hayden Road, #219, Scottsdale, Arizona 85260, which hosts http://www.jetworksaircenter.com and http://www.jetworksaircenter.net.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter on four separate grounds:

    (i) 28 U.S.C. § 1331, because this matter arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125 (a) & (c);

    (ii) 28 U.S.C. § 1332, because there is complete diversity of citizenship;

    (iii) 28 U.S.C. § 1338(a), because this matter involves a trademark; and

    (iv) 15 U.S.C. § 1121, which is the jurisdictional provision of the Lanham Act.

6. Supplemental jurisdiction over the state law claims is proper in this Court pursuant to 28 U.S.C. § 1367 and principles of pendent jurisdiction.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district and because Defendant DBP resides and does business in this district, and on information and belief, http://www.jetworksaircenter.com and http://www.jetworksaircenter.net are hosted on hardware located within this district.

**GENERAL ALLEGATIONS**

8. Jet Works is the owner of several valid federally registered trade and service marks, under which it has and continues to do business. Among the marks owned and used by Jet Works is the word mark JET WORKS, registration number 2571311, and the word mark JET WORKS AIR CENTER, registration number 3657056. The JET WORKS mark received registration on May 21, 2002, and is now incontestable pursuant to 15 U.S.C. § 1065. Copies of the registrations for these marks are attached at Exhibit A.

9. Jet Works has expended substantial sums in advertising and promoting its products under the JET WORKS and JET WORKS AIR CENTER service marks (collectively "the marks"). That advertising and promotion has included national and

1  regional advertising campaigns in a variety of different media.  It has also included the
2  sales and marketing materials used by Jet Works to promote its services.  Jet Works also
3  maintains a website on the Internet at http://jwac.aero/home.htm.
4          10.     The websites http://www.jetworksaircenter.com and
5  http://www.jetworksaircenter.net ("the websites") incorporate both of the marks in their
6  titles.  The content of the websites is generally false and defamatory to Jet Works and
7  individually identifiable Jet Works employees.  Exemplary false and negative statements
8  on the website http://www.jetworksaircenter.com directed to Jet Works include the
9  identification of Jet Works as "your #1 Air care center owned & operated entirely by
10 monkeys," and "a little bit about the dedicated employees here at jet wroks[sic]: although
11 monkeys and great apes are predecessors to the homo sapien[sic], we have mastered the
12 use of tools. we work with our tools, and we play with our tools. sometimes we even play
13 with each other's tools, but only on non-company time."  Additionally, the website
14 includes a number of portraits of chimpanzees identified as individually identifiable Jet
15 Works employees, for example the Vice President of Sales and the Head Mechanic.  The
16 website also includes profanity.  As an example, the home page states: "THIS SITE IS
17 NOT PETA APPROVED AND WE DON'T GIVE A FLYING FUC*" (text modified by
18 replacing letter with asterisk).  The website http://www.jetworksaircenter.net includes
19 false and negative statements that are defamatory.  For example,
20 http://www.jetworksaircenter.net includes statements portraying Jet Works as a racist
21 organization.  Http://www.jetworksaircenter.net includes numerous pictures of the
22 Confederate Battle Flag and text such as "we is a equal opportunity employer so long as
23 you is a overweight white male with a n.r.a. membership card."
24         11.     On information and belief John Doe is responsible for the content of the
25 websites.  On information and belief, the websites are hosted by GoDaddy.com, Inc.  DBP
26 is listed in the WHOIS directory as the registrant for the websites.
27         12.     Jet Works has not licensed any party to use the marks.
28

13. John Doe's past and continued use of the marks in the websites has caused and will cause confusion to consumers and erosion of good will.  John Doe's use of the marks in the websites creates a likelihood that consumers who view the websites will be confused about whether John Doe is associated with Jet Works.  Additionally, customers seeking to contact Jet Works for service are likely to be diverted away from Jet Works.  The websites include two purported contact phone numbers for Jet Works, 1-800-273-7448 (1-800-APE-SHIT) and 1-800-277-4653 (1-800-ASS-HOLE).  Rather than connecting a caller to Jet Works, both numbers direct the caller to other numbers that appear to be for phone sex services.

14. Defendants' foregoing actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury, for which Jet Works has no adequate remedy at law.  Also, Jet Works has and will incur monetary damages as a proximate result of Defendants' actions.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## UNDER SECTION 32(1) OF THE LANHAM ACT
## AGAINST ALL DEFENDANTS

15. Jet Works repeats and realleges the allegations of paragraphs 1 through 14, as if fully set forth in this paragraph 15.

16. Defendants' unauthorized use of the marks in websites generated, hosted and/or registered by Defendants are likely to cause confusion, mistake or deception as to the source of that mark and its sponsorship or approval by Jet Works.  The public is likely to believe that any products or services discussed on the websites are licensed by, sponsored by, connected with, or related to Jet Works.  Defendants' unauthorized use falsely represents Defendants as being legitimately connected with Jet Works, and places Jet Works' reputation beyond its control.

17. Defendants used, and are still using, the marks with knowledge that such use is intended to cause confusion or mistake, or to deceive.

18. Defendants' conduct violated, and continues to violate, Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

19. Jet Works has suffered compensatory damages as the proximate result of Defendants' conduct.

## COUNT II
## VIOLATION OF SECTION 43(A) OF THE LANHAM ACT AGAINST ALL DEFENDANTS

20. Jet Works repeats and realleges the allegations of paragraphs 1 through 19, as if fully set forth in this paragraph 20.

21. Defendants' above-described activities constitute use of a false designation of origin in interstate commerce, which wrongfully and falsely designates, describes or represents the origin of John Doe's products and services as originating from or being connected with Jet Works, and is likely to cause confusion as to Defendants' affiliation, connection or association with Jet Works, or as to the origin, sponsorship or approval of Defendants' products and services by Jet Works.

22. Defendants' above-described activities violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23. Jet Works has suffered compensatory damages as the proximate result of Defendants' conduct.

## COUNT III
## INJURIOUS FALSEHOOD AGAINST ALL DEFENDANTS

24. Jet Works repeats and realleges the allegations of paragraphs 1 through 23, as if fully set forth in this paragraph 24.

25. Defendant John Doe, by generating the content of the websites, has published false statements to the public, with knowledge of the falsity of the statements, in an effort to dissuade members of the public from doing business with Jet Works. Defendant DBP by registering the websites is republishing and rebroadcasting John Doe's false statements regarding Jet Works.

26. Defendants' actions constitute injurious falsehood under Arizona common law.

27. Jet Works has suffered compensatory damages as the proximate result of Defendants' conduct.

## COUNT IV
## DEFAMATION AGAINST ALL DEFENDANTS

28. Jet Works repeats and realleges the allegations of paragraphs 1 through 27, as if fully set forth in this paragraph 28.

29. Defendant John Doe, by generating the content of the websites, has published false statements in a persistent and tangible medium and broadcast same to the public, with knowledge of the falsity of the statements, in an effort to damage the reputation of Jet Works within its business, trade, and/or professional community. Defendant DBP by registering the website is republishing, rebroadcasting and retransmitting John Doe's false statements regarding Jet Works.

30. Defendants' actions constitute libel under Arizona common law.

31. Jet Works has suffered compensatory damages as the proximate result of Defendants' conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jet Works requests the following relief for the foregoing violations of the law:

    A. That Defendants, their agents, officers, servants, employees, attorneys, successors, companies and assigns, and all those in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

        (i) Further using, registering, hosting or maintaining "jet works" or any colorable version thereof as an Internet domain name or site;

        (ii) Using the service marks JET WORKS, JET WORKS AIR CENTER or any other name, service mark or trademark that gives rise to a likelihood of

confusion, mistake, deception or dilution with respect to Jet Works' marks, whether in a domain name, a website, an e-mail address, or in any other manner;

    (iii) Using, registering, hosting or maintaining "http://www.jetworksaircenter.com", "http://www.jetworksaircenter.net" or any colorable version thereof as an Internet domain name or site;

    (iv) Doing any other act likely to induce the mistaken belief that John Doe's products or services, or prospective products or services, are in any way affiliated, connected or associated with Jet Works or its products and services; and

    (v) Generating, hosting, publishing, transmitting or rebroadcasting false or derogatory statements regarding Jet Works, its affiliates or its employees.

  B. That Defendants be ordered to transfer to Jet Works all rights to the domain names "http://www.jetworksaircenter.com" and "http://www.jetworksaircenter.net".

  C. That Jet Works be awarded monetary relief in an amount to be determined by the Court, including:

    (i) All profits received by Defendants from any sales and revenues of any kind made as a result of their infringing actions; and

    (ii) Treble damages for all damages sustained by Jet Works as a result of Defendants' intentional acts of infringement or other tortious behavior.

  D. That because of the exceptional nature of this case resulting from Defendants' deliberate conduct and infringing actions, this Court award to Jet Works its reasonable attorneys' fees, costs and disbursements incurred to bring this action, pursuant to 15 U.S.C. § 1117.

  E. Such other and further relief as this Court deems just.

  RESPECTFULLY SUBMITTED this 6th day of October, 2009.

        QUARLES & BRADY LLP
        One South Church Avenue, Suite 1700
        Tucson, Arizona 85701-1621


        By   s/Deanna Conn
          Deanna Conn
          Michael J. Curley

        Attorneys for Plaintiff